FLOTRON v. BARRINGER.

*Elections — City commissioners — Authority of commission to determine election and qualification of its members — Section 4237, General Code — Section 40, Charter of Dayton — Section 21, Article II, and Section 8, Article XVIII, Constitution.*

(No. 15121 — Decided April 25, 1916.)

ERROR to the Court of Appeals of Montgomery county.

The city of Dayton, under the authority conferred upon it by Section 7 of Article XVIII of the Constitution of Ohio, as amended September 3, 1912, adopted a charter for its municipal government, which charter provides that a commission of five shall constitute the governing body, with power to pass ordinances, adopt regulations and appoint a chief administrative officer to be known as the city manager, and exercise all further powers conferred by the charter.

At the election held in the city of Dayton in November, 1915, John R. Flotron and Willard Bar-

ringer were candidates for members of this city commission. The official return gave Flotron a small majority over Barringer. Barringer filed in the common pleas court of Montgomery county a petition to contest the election of Flotron. On motion, the common pleas court dismissed this petition for the reason that Section 40 of the city charter provides that "The commission shall be judge of the election and qualifications of its members."

Barringer then filed a petition in error in the court of appeals to reverse this judgment of the common pleas court dismissing his petition, and that court reversed the judgment of the common pleas court and remanded the cause for hearing on its merits, upon the theory that the provision in the charter of the city of Dayton, that the commission shall be judge of the election and qualifications of its members, is a concurrent remedy with the remedy provided by the general assembly under authority of Section 21 of Article II of the Constitution.

*Mr. Lee Warren James,* for plaintiff in error.

*Mr. John W. Sharts* and *Mr. Frank W. Krehbiel,* for defendant in error.

BY THE COURT. The statutes of this state designate the legislative authority of a municipal corporation as "council." The charter of the city of Dayton, Ohio, provides for a form of government called the commission-manager plan and confers upon a commission the same legislative authority

given by statute to the council of other cities of the
state, and further provides the manner in which ·
it shall exercise that legislative authority.

Article XVIII of the Constitution, as amended
September 3, 1912, which relates to municipal corporations, refers to "the legislative authority of
any city or village" without designating that authority by any name. It is evident, therefore, that
in so far as the legislative authority of a city is
concerned, the terms "council" and "commission"
are identical.

The charter of the city of Dayton, however, confers upon this commission further governing
powers not possessed by the city council of other
cities of the state and not coming within those
powers recognized as legislative. These added
powers do not necessarily distinguish that body
from a city council, for this charter might have retained the statutory council and conferred upon it
all the powers and duties in addition to its legislative authority that it conferred upon the commission. It is not the name, but the powers and duties,
of the office, that determines its character.

This commission is the legislative authority of
the city of Dayton, and that fact, and not the fact
that it has further governmental powers, fixes and
determines the nature of the office. In this important respect it corresponds to the council in
other cities and is to all intents and purposes the
council of the city of Dayton.

That being true, there is no conflict between the
provision of Section 40 of the Dayton charter and
Section 4237, General Code, passed by the general

assembly of the state of Ohio in pursuance of the
authority conferred upon it by Section 21 of Article
II of the Constitution, for Section 4237 provides
that "council shall be the judge of election and
qualification of its members." This provision is
identical with the provision in the charter that the
commission shall be judge of the election and quali-
fications of its members.

This is in line with other statutory provisions
relating to all legislative bodies on this subject.
There is no question whatever that the commission
of Dayton is the council or legislative body of that
city, and therefore comes within the full meaning,
purpose and intent of Section 4237, General Code.

*Judgment of the court of appeals reversed and
that of the common pleas court affirmed.*

NICHOLS, C. J., JOHNSON, DONAHUE, WANA-
MAKER and NEWMAN, JJ., concur.