Donahue, J.
The charter of the city of Cleveland does not divest its mayor of any of the authority conferred upon him by the laws of the state of Ohio. On the contrary, it is specifically provided, in Section 72 of the charter, that the mayor shall “exercise such powers and perform such duties as are conferred or required by this charter or by the laws of the state.” This language is certainly clear and unambiguous,- but this is supplemented by Section 2, which provides that “the enumeration of particular powers by this charter shall not be held or deemed to be exclusive but, in addition to the powers enumerated herein, implied thereby or appropriate to the exercise thereof, the city shall have, and may exercise all other powers which, under the constitution and laws of Ohio, it would be competent for this charter specifically to enumerate.”
The title of the office of mayor is not changed by the charter. Even if it were, Section 191 of the charter provides that the powers conferred and the duties imposed upon any officer, commission, board or department of the city under the laws of the state, shall, if such office or department is abolished by this charter, be thereafter exercised and discharged by the officer, board or department upon whom are imposed corresponding functions, powers and duties thereunder. Under this provision, even if the office of mayor had been abolished, and' another office created having corresponding functions, powers and duties of a mayor, the incumbent of such office would have the powers conferred and *304 the duties imposed by the laws of the state upon the mayors of other cities of the state not having adopted a charter. Flotron v. Barringer, 94 Ohio St., 185, and Ide v. State of Ohio, 95 Ohio St., 224.
The further questions presented by the pleadings and the evidence are fully disposed of in Heininger v. Davis, Mayor, ante, 205, submitted prior to but considered by this court in connection with this case. Under the provisions of Section 6142, General Code, the defendant has full jurisdiction to hear and determine the question of the sufficiency of the petition filed with him, and the writ of prohibition prayed for in the relator’s petition must be refused.

Writ refused.

Nichols, C. J., Newman, Jones, Matthias and Johnson, JJ., concur.